UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WANDA GARNER                                  :
                                              :
      Plaintiff,                              :
                                              :
v.                                            :         Civil Action No. a:25-cv-04024-LLA
                                              :
TRANSIT EMPLOYEES FEDERAL                     :
CREDIT UNION                                  :
                                              :
      Defendant.                              :

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

Defendant, Transit Employees Federal Credit Union (TEFCU), by and through counsel, for

its Reply to Plaintiff's Opposition to Motion to Dismiss or in the Alternative for Summary

Judgment hereby states as follows:

**SUPPLEMENTAL STATEMENT OF FACTS**

1.      On March 7, 2025, Plaintiff left work at 11:59 am.  Exhibit 11, Plaintiff's time

keeping documentation for March 7, 2025.

2.      Plaintiff failed to disclose the WMATA payroll issue and allowed it to continue for

several months.  Management discovered the problem and brought it to Plaintiff's attention in

February, 2025, only after which did Plaintiff add it to her OneNote.  Plaintiff also failed to resolve

the problem and left it to management to resolve.  Exhibit 12, March 26, 2025 email from J. Le.

3.      Cloe Allen was disciplined for attendance issues from April, 2025 through

December, 2025 when she was placed on indefinite suspension for continued attendance problems.

Exhibit 13, Cloe Allen's disciplinary memos.

1

4.      Despite stating that only HR and Jennifer Le made all disciplinary decisions, Plaintiff disciplined employees, including Melanie Grant, who worked in the branch.  Exhibit 14, July 14, 2024 Email from W. Garner.

5.      Plaintiff's 90 day review identified 9 areas of needed growth.  See Exhibit 2.

6.      Plaintiff received 9 different emails regarding performance and attendance issues from November 6, 2024 through March 6, 2025.  Exhibit 15, Performance Notices.[1]

7.      Plaintiff submitted a response to her April 16, 2025 suspension notice on April 28, 2025.  Exhibit 17.

## ARGUMENT

**I.     Discovery cannot overcome Plaintiff's documented performance and attendance problems**

**A.  Plaintiff cites and relies on case law that does not exist.**

Plaintiff relies exclusively on *Aka v. Washington Hospital Center*, 156 F.3d 1284, 1288 (D.C. Cir, 1998) to support her insistence that she's entitled to discovery resulting in thousands of dollars in attorneys fees to Defendant by quoting: "Summary judgment should be used sparingly in employment discrimination cases" and "direct evidence of intentional discrimination is rare, and such intent often must be inferred from circumstantial evidence…" *Aka* 156 F.3d at 1288. *Aka* does not contain any of the quoted language on page 1288.  Plaintiff relies on case citations that do not exist and evidence of inadmissible settlement discussions to support her case.  Plaintiff does not even begin to meet the requirements of having a viable claim.

---

[1]Plaintiff received at least 6 other emails regarding performance issues after March 6 (See Exhibit 16, March – May, 2025 Performance emails) as well as her 3 written performance memos, See Ex. 5,9,10.

**B.  Plaintiff's Declaration is not adequate.**

A non-moving party seeking the protection of Rule 56(f) "must state by affidavit the reasons why he is unable to present the necessary opposing material." *Cloverleaf Standardbred Owners Ass'n, Inc. v. Nat'l Bank of Wash.,* 699 F.2d 1274, 1278 n. 6 (D.C.Cir.1983); *see also Hotel & Rest. Employees Union, Local 25 v. Attorney Gen.,* 804 F.2d 1256, 1269 (D.C.Cir.1986) (noting that this affidavit requirement helps "prevent fishing expeditions"), *vacated on other grounds,* 808 F.2d 847 (D.C.Cir.1987). The non-moving party bears the burden of identifying the facts to be discovered that would create a triable issue and the reasons why the party cannot produce those facts in opposition to the motion. *Byrd v. Envtl. Prot. Agency,* 174 F.3d 239, 248 n. 8 (D.C.Cir.1999). The non-moving party must show a reasonable basis to suggest that discovery would reveal triable issues of fact. *Carpenter v. Fed. Nat'l Mortgage Ass'n,* 174 F.3d 231, 237 (D.C.Cir.1999). "It is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact." *Byrd,* 174 F.3d at 248 n. 8 (internal citations omitted); *see also Exxon Corp. v. Crosby–Miss. Res., Ltd.,* 40 F.3d 1474, 1488 (5th Cir.1995) (holding that Rule 56(f) may not defeat summary judgment "where the result of a continuance to obtain further information would be wholly speculative").

In this case, Defendant has provided evidence of legitimate business reasons for Plaintiff's termination.  Plaintiff was terminated for poor performer and attendance problems.  See Ex. 15,16. The March 7, April 16 and May 16 disciplinary memos recite the performance and attendance issues, all of which existed and had been documented before Plaintiff's son's medical need on March 7, 2025.  See Ex. 5,9,10. Plaintiff's Declaration is nothing more than conclusory allegations unsupported by facts that create a material dispute of relevant facts.  None of the discovery that

Plaintiff suggests she needs can establish any evidence of pretext or discriminatory intent to overcome her well documented performance and attendance issues.

## II.      Cloe Allen received similar discipline for attendance issues

"The similarly situated inquiry is not a mechanical comparison," but "requires enough common factors to determine if intentional discrimination was at play" by "eliminating confounding variables, such as differing roles, performance histories, or decision-making personnel, which helps isolate the critical independent variable: complaints about discrimination." *Hnin v. TOA (USA), LLC,* 751 F.3d 499, 504–505 (7th Cir., 2014) (quoting *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir., 2007)) (internal quotations omitted).   While no "numerosity" requirement applies to comparators, such that a "single comparator" may suffice to support an inference of discrimination, "the degree of similarity necessary may vary in accordance with the size of the potential comparator pool, as well as to the extent to which the plaintiff cherry-picks would-be comparators...." *Humphries,* 474 F.3d at 405, 406–7.

At the summary judgment stage, the Court "must rely on evidence substantiated by the record" to conclude that the plaintiff and an asserted comparator are similarly situated. *Anyaso v. United States Capitol Police,* 39 F.Supp.3d 34, 43 (D.D.C., 2014).  To permit a jury to determine that defendant took an adverse action based on discriminatory animus by comparing the employer's actions toward plaintiff and to other employees, plaintiff must first establish that these alleged comparators are sufficiently "similarly situated." *See Holbrook v. Reno,* 196 F.3d 255, 261 (D.C.Cir., 1999). In this Circuit, that means that "all of the relevant aspects of her employment situation were 'nearly identical' to those of the male [employees]." *See Neuren v. Adduci, Mastriani, Meeks & Schill,* 43 F.3d 1507, 1514 (D.C.Cir.1995) (quoting *Pierce v. Commonwealth Life Ins. Co.,* 40 F.3d 796, 802 (6th Cir.1994)). "To make this determination, courts look to, *inter*

*alia,* whether the alleged comparators dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *McFadden v. Ballard, Spahr, Andrews & Ingersoll, LLP,* 580 F.Supp.2d 99, 109–10 (D.D.C., 2008) (internal citations and quotation marks omitted), *aff'd in relevant part and rev'd on other grounds,* 611 F.3d 1 (D.C.Cir., 2010).

In this case, Plaintiff is Ms. Allen's supervisor within the branch, thus the two are not similarly situated. *Assuming arguendo* that the court believes that Ms. Allen is a comparator, Plaintiff's case still fails. Plaintiff and Ms. Allen both suffered from significant attendance problems. Ms. Allen was written up, disciplined and finally put on indefinite suspension in December, 2025 for repeated absences and violations of the attendance policy. See Ex. 13 *compare* Ex. 5,9,10. Both Plaintiff and Ms. Allen were warned about attendance issues, suspended temporarily and suspended indefinitely. Plaintiff's allegation that Ms. Allen "got zero discipline" is wrong.

## III.    Plaintiff cannot establish any retaliation

Plaintiff alleges that she engaged in protected activity on April 28, 2025 when she submitted a written response to her April 16 suspension notice. See Ex. 17. In that email, Plaintiff alleges "Documentation and disciplinary action seem to have escalated following my need to attend to a family emergency." Plaintiff conveniently ignores that she received 9 negative performance notices from November, 2024 through March 6, 2025, which included information about performance and attendance issues. See Ex. 15. Moreover, Plaintiff states "Since our February 27, 2025 meeting, I made significant improvements" (re: attendance). The evidence establishes that in the 2 months following the February 27 meeting, Plaintiff had no less than 4

attendance violations including unscheduled LWOP, callouts and late arrival.    See Ex. 6.

Defendant's attendance policy specifically prohibits manipulating leave by calling out/taking LWOP before approved leave.

> Employees who have accrued paid leave may not request LWOP until all paid leave is exhausted. LWOP may not be used for vacation purposes. LWOP will generally not be approved for one day occurrences.

See Exhibit 18 (Defendant's Attendance Policy).[2]    Despite being warned and disciplined for attendance, Plaintiff left early again on May 8, 2025.  See Ex. 6.  Further, plaintiff's performance issues, documented from November, 2024 – March, 2025 (Ex. 15) and March 7, 2025 – May, 16, 2025 never improved (Ex. 5,9,10,15).  Plaintiff was terminated for being a poor performer with significant attendance issues, not because she complained about being disciplined or because she had familial obligations.

WHEREFORE, Defendant respectfully requests that this Court:

A.    Grant Defendant's Motion to Dismiss or in the Alternative for Summary Judgment;

Dated: January 16, 2026                                        Respectfully Submitted,

/s/Neil S. Hyman_____
Neil S. Hyman, Esquire
DC Bar No. 465047
Law Office of Neil S. Hyman, LLC
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
301-841-7105 (p)
neil@neilhymanlaw.com

*Counsel for Defendant*

---

[2] Defendant's Employee Guidebook was last revised in October, 2025.  The Attendance policy quoted above and specified in Exhibit 18 was in effect at the time of Plaintiff's termination in June, 2025.